## S91A0213. SMITH et al. v. MID-STATE NURSES, INC.

(403 SE2d 789)

BELL, Justice.

This is an appeal from the grant of an interlocutory injunction pursuant to the Georgia Trade Secrets Act of 1990, OCGA §§ 10-1-760 through 767 (hereafter the GTSA). The plaintiff-appellee, Mid-State Nurses, Inc., is a nurse-placement agency (hereafter agency) that contracts with nurses and with hospitals and nursing homes (hereafter health facilities) to place nurses with the health facilities on a temporary basis. The three defendants-appellants are Ginger Smith, Cheryl Long, and Peachstate Nursing Agency, Ltd. (hereafter Peachstate).

Smith worked for appellee for approximately three years until she left to join Long, who had formed a competing agency, Peachstate. Appellee then filed suit, and among other relief sought an interlocutory injunction pursuant to OCGA § 10-1-762 (a) to enjoin alleged misappropriation of trade secrets by appellants. After holding an evidentiary hearing on whether to grant the injunction, the trial court entered a judgment enjoining appellants "from doing business with any facility with which [Smith] conducted business while employed by the plaintiff and from placing any registered nurses or licensed practical nurses with whom [Smith] worked while employed by the plaintiff." The court made no findings or conclusions in support of the judgment.

We conclude that the court erred by imposing an interlocutory injunction. OCGA § 10-1-762 (a) provides that "[a]ctual or threatened misappropriation may be enjoined." The term "misappropriation," as defined by OCGA § 10-1-761 (2), means the acquisition, disclosure, or use under specified circumstances of a "trade secret."

As used in the GTSA, the term "trade secret" refers to

> information including, but not limited to, technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, or a list of actual or potential customers or suppliers which:

> (A) Derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

> (B) *Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.* [Emphasis supplied.] [OCGA § 10-1-761 (4).]

Appellee maintains an injunction was necessary to protect customer lists that appellants were misappropriating. Pretermitting other issues raised by appellants, we find merit in their contention that appellee has not shown it made "efforts that [were] reasonable under the circumstances to maintain [the] secrecy," id. (B), of the customer lists.

The standard of appellate review of interlocutory injunctions was recently reiterated by this Court in *West v. Koufman*, 259 Ga. 505, 505-506 (384 SE2d 664) (1989), where we observed that

> [t]he purpose for granting an interlocutory injunction is to preserve the status quo pending final adjudication of the case. *MARTA v. Wallace*, 243 Ga. 491 (254 SE2d 822) (1979). Generally the trial court has broad discretion to decide whether to grant or deny an interlocutory injunction. OCGA § 9-5-8. "However, where there is no conflict in the evidence, the judge's discretion in granting or denying the interlocutory injunction becomes circumscribed by the applicable rules of law." *Zant v. Dick*, 249 Ga. 799 (294 SE2d 508) (1982).

Accord *Benton v. Patel*, 257 Ga. 669 (362 SE2d 217) (1987).

In the present case, the purported customer lists appellee is attempting to protect consist of information Smith had in her memory about nurses and health facilities with which appellee contracted during the period it employed Smith, such as the availability and reliability of individual nurses; how often particular health facilities used agency nurses; and the number of agency nurses the health facilities used.[1] However, during the injunctive hearing appellee produced no evidence of any efforts by appellee to maintain the confidentiality of this information. The sole evidence of efforts by appellee to maintain confidentiality concerning any aspect of appellee's operations was testimony that appellee's owners had instructed Smith to maintain the confidentiality of written forms appellee had developed, including applications for nurses, contracts for nurses and health facilities, and appellee's price list and billing form.

Accordingly, we find no evidence appellee made reasonable efforts under the circumstances of this case to maintain the confidentiality of the information it sought to protect, and we therefore hold the information was not a "trade secret" within the meaning of the GTSA for purposes of determining whether an interlocutory injunc-

---

[1] We assume without deciding that the information appellee seeks to protect may constitute "a list of actual or potential customers or suppliers" within the meaning of § 10-1-761 (4). We note, however, appellants' opposition to this interpretation of the GTSA.

tion. pursuant to the GTSA was appropriate. Because there was no conflict in the evidence regarding these issues, the superior court lacked the discretion to grant an injunction on behalf of appellee, and we therefore reverse the judgment of the superior court.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 9, 1991.

*Jones, Cork & Miller, Thomas C. James III,* for appellants.

*Waddell, Emerson, George & Buice, E. Angela Emerson,* for appellee.