A03A2348, A03A2349. BACON et al. v. VOLVO SERVICE
CENTER, INC.; and vice versa.
(597 SE2d 440)

SMITH, Chief Judge.

These two appeals are taken in an action that arose when two former employees left an existing business and began a new, competing business. In the main appeal, Bacon and Johnson, two former employees of Volvo Service Center, Inc. (VSC), and the new company they formed, South Gwinnett Volvo Service, Ltd. (SGVS), appeal from the trial court's denial of their motion for judgment notwithstanding the jury's verdict in favor of VSC. In the cross-appeal, VSC appeals from the trial court's refusal to charge the jury on attorney fees under OCGA § 13-6-11.

VSC filed suit against appellants, alleging a number of claims arising from the use by Bacon, who had been a service technician at VSC, of VSC's customer list, and his soliciting Johnson, a service writer, and another VSC employee to join SGVS.[1] SGVS moved for a directed verdict on certain claims at the close of plaintiff's evidence and at the close of the case, which motions were denied. The jury was asked to respond to specific interrogatories, and it found for VSC and against all three appellants on VSC's claim for misappropriation of trade secrets. The jury also found for plaintiff against Bacon for breach of fiduciary duty, statutory computer theft, tortious interference with business relations, employee piracy, and conversion of corporate assets. The jury awarded VSC attorney fees, costs, and exemplary damages stemming from the claim for misappropriation of trade secrets. Judgment was entered on the jury's verdict, and appellants' motion for j.n.o.v. was denied. This appeal ensued. We find that VSC did not meet its burden of proof as to the claims for

---

[1] Immediately before trial, VSC dismissed without prejudice its claims for defamation and computer theft/trespass.

misappropriation of trade secrets, breach of fiduciary duty, or employee piracy, and the trial court should have granted appellants' motion for j.n.o.v.

Construed to support the jury's verdict, the evidence of record shows that Bacon was a technician at VSC when he decided to leave and open a competing business. Before doing so, he printed a list of VSC's customers from one of VSC's two computers. Computer access was not password restricted, was easy to use, and was used by many employees from time to time.

About a year after he left VSC, Bacon gave Johnson and another VSC employee an offer of employment at his new Volvo repair shop, which was about to open. Bacon and Johnson advertised extensively, and the customer list was used to send flyers to some VSC customers who lived close to the new shop's location. These activities became the basis for VSC's action against Bacon, Johnson, and their new shop, SGVS.

*Case No. A03A2348*

Appellants contend the trial court erred in denying their motion for j.n.o.v. on VSC's claims for misappropriation of trade secrets, tortious interference with business relations, employee piracy, misappropriation of corporate property, and breach of fiduciary duty. We agree and reverse.

1. The Georgia Trade Secrets Act of 1990, OCGA §§ 10-1-760 through 10-1-767, defines a "trade secret" as

> information, without regard to form, including, but not limited to, . . . a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information:
> (A) Derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (B) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

OCGA § 10-1-761 (4). If an employer does not prove both prongs of this test, it is not entitled to protection under the Act. Our Supreme Court held in *Smith v. Mid-State Nurses*, 261 Ga. 208 (403 SE2d 789) (1991), for instance, that information was not a trade secret within the meaning of the Act because no evidence showed that the employer

"made reasonable efforts under the circumstances . . . to maintain the confidentiality of the information it sought to protect." Id. at 209.

> While a client list may be subject to confidential treatment under the Georgia Trade Secrets Act, the information itself is not inherently confidential. Customers are not trade secrets. Confidentiality is afforded only where the customer list is not generally known or ascertainable from other sources and was the subject of reasonable efforts to maintain its secrecy.

(Citations and punctuation omitted.) *Crews v. Roger Wahl, C.P.A., P.C.*, 238 Ga. App. 892, 898, n. 4 (520 SE2d 727) (1999).

The standard for granting a j.n.o.v. is the same as that for a motion for directed verdict. They are warranted only when no conflict exists as to any material issue, and the evidence presented, together with all reasonable inferences, demands a certain verdict. *Fountainhead Dev. Corp. v. Dailey*, 263 Ga. App. 677 (588 SE2d 768) (2003). We review the denial of both under the any evidence standard. *Stewart v. Stewart*, 240 Ga. App. 573, 576 (1) (524 SE2d 267) (1999).

Here, VSC took *no* precautions to maintain the confidentiality of its customer list. The information was on both computers, and it was not password-protected. Moreover, the same information was available to the technicians through the repair orders, which they were permitted to retain indefinitely while Bacon was employed there. Employees were not informed that the information was confidential. Neither Bacon nor Johnson was required to sign a confidentiality agreement as part of his employment.

Because no evidence was presented from which the jury could have concluded that VSC took any steps, much less reasonable ones, to protect the confidentiality of its customer list, a material requirement for trade secret status was not satisfied. The trial court should have granted appellants' motion for j.n.o.v.

2. To prove tortious interference with business relations, "a plaintiff must show defendant: (1) acted improperly and without privilege, (2) acted purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) caused plaintiff financial injury." (Footnote omitted.) *Wilson v. City of Sardis*, 264 Ga. App. 178, 179-180 (2) (590 SE2d 383) (2003). But "[f]air competition is always legal." (Footnote omitted.) *Tom's Amusement Co. v. Total Vending Svcs.*, 243 Ga. App. 294, 298 (2) (c) (533 SE2d 413) (2000) (physical precedent only). See also *Forehand v. Perlis Realty Co.*, 198 Ga. App. 165, 167 (400 SE2d 644) (1990). Unless an employee has executed a valid noncompete or nonsolicit covenant, he is not barred

from soliciting customers of his former employer on behalf of a new employer. *Tom's Amusement Co.*, supra at 298.

No evidence was presented that Bacon acted "improperly," that any of VSC's former customers switched to SGVS because of any improper act by Bacon, or that these customers would have continued to patronize VSC but for Bacon's solicitations. Therefore, it was impossible for a jury to calculate VSC's financial damage, if any existed.

3. With regard to VSC's claim for breach of fiduciary duty, "[a]n employee breaches no fiduciary duty to the employer simply by making plans to enter a competing business while he is still employed. Even before the termination of his agency, he is entitled to make arrangements to compete and upon termination of employment immediately compete." *Instrument Repair Svc. v. Gunby*, 238 Ga. App. 138, 140 (1) (518 SE2d 161) (1999). He cannot solicit customers for a rival business or do other, similar acts in direct competition with his employer's business before his employment ends. Id. But here, no evidence was presented to rebut the evidence given by Bacon and Johnson that they engaged in no such practices before their employment with VSC ended. Even assuming, therefore, that a fiduciary relationship existed, no evidence was presented showing that it was breached.

4. The same is true for VSC's claim for employee piracy. The evidence simply does not show that any employees of VSC were solicited for SGVS before Bacon left VSC's employ.

5. Because no evidence was presented entitling VSC to recover on its claim for misappropriation of trade secrets, it follows that the award for attorney fees and exemplary damages based upon this claim must also be reversed.

6. Appellants' remaining enumerations of error are moot.

### Case No. A03A2349

7. We agree with VSC that the trial court's reasoning in refusing to charge the jury on awarding attorney fees under OCGA § 13-6-11 was erroneous. As noted by VSC, the Supreme Court has held: "While OCGA § 13-6-11 appears in the contracts section of our code, it has been universally applied where the underlying suit is not in contract." (Citations omitted.) *Vogtle v. Coleman*, 259 Ga. 115, 117, n. 2 (376 SE2d 861) (1989). We find the trial court's reasoning faulty, but given our holding in the main appeal that VSC's underlying claims should not have been allowed to go to the jury, the refusal to charge the jury on OCGA § 13-6-11 was harmless.

*Judgment reversed in Case No. A03A2348. Judgment affirmed in Case No. A03A2349. Ruffin, P. J., and Miller, J., concur.*

DECIDED MARCH 4, 2004 —
RECONSIDERATION DENIED MARCH 25, 2004 — 

*Hughes & Kaplan, Robert W. Hughes, Jr.*, for appellants.
*Andersen, Tate, Mahaffey & McGarity, Thomas T. Tate, Elizabeth Clack-Freeman, Tanya A. Eades*, for appellee.