A07A0372. LOWE'S HOME CENTERS, INC. v. GARRISON RIDGE SHOPPING CENTER MARIETTA, GA, L.P.

(643 SE2d 288)

MIKELL, Judge.

Lowe's Home Centers, Inc. (Lowe's) appeals the trial court's order denying it injunctive relief to prevent Garrison Ridge Shopping Center (Garrison Ridge) from interfering with an advertisement for Lowe's located on Garrison Ridge's property. We hold that because Garrison Ridge's predecessor in interest granted Lowe's a license, and because Lowe's spent money to construct the sign in reliance on that license, Lowe's obtained an irrevocable easement concerning the sign. We also find that Garrison Ridge took the property with notice of that easement. Consequently, we reverse and remand the case with the direction that the trial court enter an interlocutory injunction barring Garrison Ridge from interfering with the sign.

The relevant facts are not in dispute. In 1997, JDN Realty ("JDN") purchased commercial property located on Dallas Highway, Cobb County, and leased one parcel of the property to Lowe's and the remainder to Garrison Ridge. In August 1997, after learning that Cobb County authorities would allow only one sign on the parcel, JDN wrote a letter representing that it would build a "brick monument sign" advertising both Lowe's and Garrison Ridge tenants on the property leased to Garrison Ridge as long as Lowe's paid one-half the cost of the sign. Lowe's paid more than $22,000 to JDN, and the sign was built.

In March 2003, JDN sold the Lowe's property to a third party not involved in this suit. The new owner assumed the Lowe's lease, but no reference was made to the Lowe's sign in the declarations of restrictive covenants and easements recorded as to the property, in the documents of the sale to the new owner, or in its assumption of the Lowe's lease. In 2005, JDN sold the property previously leased by Garrison Ridge to Garrison Ridge itself. Soon after acquiring the property, Garrison Ridge determined that no easement had been recorded concerning Lowe's use of the sign and proposed a lease of $1,300 a month for its continued use of it. When Lowe's refused, Garrison Ridge indicated that it would remove Lowe's name from the sign. Lowe's then filed the instant suit for declaratory judgment, injunctive relief, and damages. The trial court entered a temporary

restraining order (TRO), held a hearing, and denied Lowe's motion for a preliminary injunction. When Lowe's undertook this appeal, the trial court extended the TRO pending its outcome. Lowe's now argues that the trial court erred when it concluded that Lowe's had no easement concerning the sign and denied injunctive relief.

We review the grant or refusal of an interlocutory injunction for an abuse of discretion.[1] Where facts are in dispute, we will reverse "only in the event of *manifest* abuse of discretion."[2] Where no facts are in dispute, however, the trial court's discretion is circumscribed by the applicable rules of law.[3]

OCGA § 44-9-4 provides:

> A parol license to use another's land is revocable at any time if its revocation does no harm to the person to whom it has been granted. A parol license is not revocable when the licensee has acted pursuant thereto and in so doing has incurred expense; in such case, it becomes an easement running with the land.

The fact that a licensee makes improvements to his own land in expectation of enjoying the license does not render that licensee a purchaser for value and the license irrevocable.[4] Rather, a parol license becomes irrevocable only when the licensee, "on the faith of the license, expends money to make valuable improvements necessary to enjoy the license" on the licensor's land.[5]

Here, the evidence shows that JDN, Garrison Ridge's predecessor-in-interest, granted Lowe's a license to construct a sign on its property; that Lowe's spent over $22,000 in doing so; and that the sign has been in continuous use ever since. It is also undisputed, as Garrison Ridge points out, that neither a license nor an easement concerning the sign was recorded, and that no such right was referenced in previous declarations of restrictive covenants and easement. Nevertheless, Lowe's gained an easement running with the land when it expended funds in reliance on the license granted by JDN. The fact that Lowe's is a tenant on rather than the owner of the property it occupies is irrelevant, as the Supreme Court of Georgia held when it

---

[1] *Smith v. Mid-State Nurses*, 261 Ga. 208, 209 (403 SE2d 789) (1991).

[2] (Emphasis supplied.) *Lawrence v. Harding*, 225 Ga. 148, 150 (2) (166 SE2d 336) (1969).

[3] *Smith*, supra.

[4] See *Tift v. Golden Hardware Co.*, 204 Ga. 654, 667-669 (6) (51 SE2d 435) (1949) (no easement where licensee built warehouse on his own property but did not make any improvements to spur track on licensor's property).

[5] See *Miller v. Slater*, 182 Ga. 552, 558 (186 SE 413) (1936) (no easement where licensee built garage on her own property but did not make any improvements to driveway on licensor's property).

upheld a tenant's right to drain water from his property onto the landlord/licensor's property:

> [T]he fact that the licensee is a tenant, and not the owner of the land on which the pond is located, does not prevent the license from becoming irrevocable upon the licensee executing the license and incurring expense in so doing, at least so long as the licensee continues to exercise the license granted; *and whether or not the license granted in such instance is only personal to the licensee, or is appurtenant to the land, if the licensee subsequently purchase the land, the license in either event remains irrevocable for his benefit.*[6]

We therefore conclude that the trial court abused its discretion when it found that Lowe's did not gain an easement under OCGA § 44-9-4 when it relied on JDN's license and spent money to construct the sign.

Our analysis does not end here, however. As the subsequent purchaser, Garrison Ridge may be burdened with the easement only if the record shows that it took possession with notice of the easement:

> Though a bona fide purchaser from the grantor without knowledge or constructive notice of the existence of the easement would take title free from the easement, and he may assume that there is no easement except as shown of record or by open and visible indications on the land itself, such purchaser will be charged with notice of the easement where an inspection of the premises would have readily revealed such physical facts as would, in the exercise of ordinary diligence, put him upon inquiry.[7]

Whether a feature of a property amounts to a condition sufficient to charge a purchaser with "reasonable and prudent investigation" is generally a question of fact for the jury.[8] However, "when the easement being enjoyed is open and observable to any reasonably prudent person, the question of notice is not one of fact but one of law."[9] Lowe's must show, then, that the sign at issue here was "of such a size or was so unusual as to place a purchaser on notice, as a matter of law," of the presence of an easement.[10]

---

[6] (Emphasis supplied.) *Dickey v. Yarbrough,* 186 Ga. 120, 121 (2) (197 SE 234) (1938); *Hopkins v. Virginia Highland Assoc.,* 247 Ga. App. 243, 245 (1) (541 SE2d 386) (2000).

[7] (Citations omitted.) *Burk v. Tyrrell,* 212 Ga. 239, 243 (3) (91 SE2d 744) (1956).

[8] *Hopkins,* supra at 246 (1).

[9] *Joel v. Publix-Lucas Theatres,* 193 Ga. 531, 542 (19 SE2d 730) (1942).

[10] *Hopkins,* supra at 246 (1).

Here, evidence adduced at the hearing showed that a survey reviewed by Garrison Ridge before it purchased the property included a photograph showing Lowe's name on the sign. Garrison Ridge's managing agent for the sale also testified that although he visited the site before closing and saw the sign there, he did not "decide[ ] to try to find out what rights Lowe's would have" concerning it until after closing. Under these circumstances, we conclude that Garrison Ridge had actual notice of the sign sufficient to charge it as a matter of law with a duty to conduct a reasonable and prudent investigation, and that Garrison Ridge therefore took the property subject to Lowe's easement.[11]

Because the trial court abused its discretion when it found that Lowe's did not have an easement concerning the sign, and because the record as it currently stands shows that Garrison Ridge took the property with actual notice of the sign, we reverse and remand the case with direction that the trial court enter an interlocutory injunction barring Garrison Ridge from interfering with the sign, and that any further proceedings be conducted in light of this opinion.

*Judgment reversed and case remanded with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 2, 2007 — 

*Alston & Bird, James C. Grant, Daniel F. Diffley*, for appellant.
*Sutherland, Asbill & Brennan, Richard L. Robbins, Aaron S. Furniss*, for appellee.

---

[11] See *Blake v. RGL Assoc.*, 267 Ga. App. 709, 710 (1) (600 SE2d 765) (2004) (licensee gained irrevocable easement running with the land when it made improvements to connect its parking lot to licensor's land); *Webster v. Snapping Shoals Elec. Membership Corp.*, 176 Ga. App. 265, 266-267 (1) (a) (335 SE2d 637) (1985) (utility poles sufficient to put purchaser on notice of existence of an easement as a matter of law); compare *Hopkins*, supra at 246 (1) (question of fact remained as to whether purchaser had notice of sewer line hidden from view).