**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 7, 2013**

# In the Court of Appeals of Georgia

A13A1559. AQUANAUT DIVING AND ENGINEERING, INC. v.
    GUITAR CENTER STORES, INC.

ANDREWS, Presiding Judge.

Aquanaut Diving and Engineering, Inc., d/b/a Diving World appeals the grant of summary judgment to Guitar Center Stores, Inc., on Diving World's claims for damages for the destruction of a sign left on Guitar Center Stores' property and the loss of an easement. Diving World contends the trial court erred by granting summary judgment to Guitar Center Stores and by failing to grant Diving World's motion for summary judgment because a license for the sign was created either in writing or under OCGA § 44-9-4. Diving World also argues that the trial court erred by considering certain of Guitar Center Stores' documents, and by conducting oral argument without a request by the parties and without advance notice. Because we

find that the evidence shows that Diving World had an easement for its sign, we must reverse the trial court grant of summary judgment to Guitar Center Stores and remand this case with direction to grant summary judgment to Diving World on the issue of liability[1] for the damages to the sign and easement.

1. In Georgia,

> [t]he standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When a trial court rules on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. On appeal of the grant or denial of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.

(Citation and punctuation omitted.) *Overton Apparel v. Russell Corp.*, 264 Ga. App. 306, 307 (1) (590 SE2d 260) (2003). Further,

> [t]o prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the

---

[1] Although entitled a motion for summary judgment, the motion sought only the grant of summary judgment on liability.

2

nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c).

*Lau's Corp. v. Haskins*, supra, 261 Ga. at 491.

Construing the evidence and all inferences and conclusions therefrom most favorably toward Diving World as the party opposing the motion, the record shows that Diving World filed suit for the value of an easement and sign which was destroyed by Guitar Center Stores. Diving World initially sublet the space for its store from a tenant who leased the property from the landlord. At that time Diving World paid $34,000 for the previous tenant's pylon sign which was about 40 feet tall. The sign itself was approximately 15.5 feet by 10.5 feet on each side. The landlord approved the sublease and the purchase of the sign. The special stipulations of the approval provided that "[t]he present outdoor pylon sign may remain as presently situated with Tenant's logo and company name."

Sometime after this transaction, Guitar Center Stores purchased the building and land occupied by Diving World where the sign was located, and later Diving World became a month-to-month tenant of Guitar Center Stores. Ultimately, Guitar Center Stores terminated the month-to-month lease.

3

Diving World then moved to a nearby building that faced another street, but was close enough that the sign would still advertise Diving World's location. About three years later, Guitar Center Stores without notice to Diving World destroyed the sign.

After Diving World moved for summary judgment, Guitar Center Stores filed a cross-motion for summary judgment. Diving World's motion relied primarily on *Lowe's Home Centers v. Garrison Ridge Shopping Center Marietta, Ga., L.P.*, 283 Ga. App. 854 (643 SE2d 288) (2007), for the proposition that Diving World had an easement for its sign on Guitar Center Stores' property and that because the sign was open and obvious, Guitar Center Stores took possession of the property with notice of the easement.

Guitar Center Stores' cross-motion contended that Diving World had failed to present admissible evidence showing it had a property interest in the sign or a right to continue to use the sign after its lease was terminated. After a hearing at which Diving World did not participate, the trial court granted summary judgment to Guitar Center Stores.

2. Diving World contends the trial court erred by granting summary judgment to Guitar Center Stores and denying its motion because it had an express easement

4

created under OCGA § 44-9-4[2] to continued enjoyment of the pylon sign, if not an expressed easement already. Diving World contends a parol license is irrevocable if the licensee has incurred expense in reliance on the license because in such cases the license becomes an easement running with the land. OCGA § 44-9-4.

Although Guitar Center Stores contends this argument is not properly before us because it was not raised below, the record shows otherwise. In addition to the numerous references to *Lowe's Home Centers v. Garrison Ridge Shopping Center Marietta, Ga., L.P.,* in Diving World's brief in support of its motion for summary judgment, in its brief in opposition to Guitar Center Stores' motion for summary judgment and reply brief in support of its own motion for summary judgment, Diving World argued that

> [s]aid documentation is far more thorough than the documentation submitted in the sentinel case controlling this action (*Lowe's Home Center, Inc. v. Garrison Ridge Shopping Center Marietta, Ga. L.P.*, [supra, 283 Ga. App. at 854]), however, [Diving World] has also demonstrated, without contradiction, all of the open and obvious

---

[2] "A parol license to use another's land is revocable at any time if its revocation does no harm to the person to whom it has been granted. A parol license is not revocable when the licensee has acted pursuant thereto and in so doing has incurred expense; in such case, it becomes an easement running with the land."

5

existence of the sign rights" and substantial investment that existed and established the easement in the *Lowe's* case.

The facts of the instant case, like in *Lowe's*, establishes that an easement was created. "Here the evidence shows that JDN, Garrison Ridge's predecessor-in-interest, granted Lowe's a license to construct a sign on its property; that Lowe's spen[t] over $22,000.00 in doing so; and that the sign has been in continuous use ever since. [*Lowe's Home Center, Inc. v. Garrison Ridge Shopping Center Marietta, Ga. L.P.*, supra, 283 Ga. App. at 855]. Here [Diving World] incurred expenses of approximately $34,000.00 in the purchase of the pylon sign, plus substantial independent insurance thereon as a realty feature . . . and separate $3,500.00. . . . [Diving World] expended substantial sums in reliance upon continued use.

*Lowe's* goes on to conclude, "Lowe's gained an *easement running with the land* when it expended funds in reliance on the license granted by JDN. The fact that Lowe's is a tenant on rather than the owner of the property it occupies is irrelevant. . . , (emphasis added). See also OCGA § 44-9-4.

Given this argument, it cannot be said reasonably that the argument based on OCGA § 44-9-4 was not raised in the trial court.

Thus, addressing the substance of Diving World's argument, the evidence shows that Diving World submitted in support of its motion an affidavit from its

6

president that stated that, when it moved into the store on the premises now owned by Guitar Center Stores, it executed a sublease taking over the lease of a previous tenant with the approval of the property owners. At the time of the sublease, Diving World purchased the previous tenant's large pylon sign for $34,000, and executed a promissory note for that amount personally guaranteed by its president. As part of the transaction, the previous tenant and the property owners executed a document stating that "[t]he present outdoor pylon sign may remain as presently situated with Tenant's logo and company name" without stating an expiration date. When Guitar Center Stores terminated Diving World's lease in December 2006, Diving World moved to a nearby building and continued to use the sign to advertise its business until June 2010 when Guitar Center Stores tore down the sign. Diving World's new location was contiguous to its old location.

Guitar Center Stores contends the documents submitted by Diving World contain improper legal conclusions and bases upon inadmissible hearsay evidence. OCGA § 9-11-56 (e) governs the use of affidavits at summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all

7

papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. All affidavits shall be filed with the court and copies thereof shall be served on the opposing parties. When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

(Emphasis supplied.) Thus,

[t]he rule is that where an affidavit contains conclusions which would not be admissible in evidence, the conclusions are to be disregarded in considering the affidavit in connection with the motion for summary judgment.

*Love v. Love*, 259 Ga. 423, 424 (1) (383 SE2d 329) (1989).

We have examined the documents submitted by Diving World, primarily the affidavit of Diving World's president and its attachments, and do not find them to contain mere conclusions. The affidavit states as a matter of fact that Diving World purchased the sign for $34,000 and this statement is supported by a promissory note in the amount of $34,000. The affidavit is also supported by an agreement between

8

the landlord and the lessee that the sign could remain on the property. The attachments to the affidavit are admissible because the affidavit states that the affiant was the custodian of the records containing these documents which were kept as business records in the normal course of Diving World's business.

> [O]n motion for summary judgment an affidavit satisfying the requirements of OCGA § 24-3-14 meets the OCGA § 9-11-56 (e) requirement that such an affidavit "'shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.' [Cit.] *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556, 558 (254 SE2d 881) (1979).

*Span v. Phar-Mor, Inc.*, 251 Ga. App. 320, 322 (554 SE2d 309) (2001). Accordingly, the documents submitted by Diving World were legally sufficient to support its motion for summary judgment.

Pursuant to OCGA § 44-9-4, a parol license to use another's land "is not revocable when the licensee has acted pursuant thereto and in so doing has incurred expense; in such case, it becomes an easement running with the land." According to the Supreme Court of Georgia, "[t]he principle embodied in this section is that[,] if the enjoyment of the license must necessarily be preceded by the expenditure of money and the licensee has incurred expense in executing it, the license becomes an

9

agreement for a valuable consideration and the licensee a purchaser for value." *Miller v. Slater*, 182 Ga. 552, 558 (186 SE 413) (1936).

The evidence shows that Guitar Center Stores predecessor-in-interest granted Diving World a license to maintain the sign on its property, that Diving World spent over $34,000 in purchasing the sign, and the sign was in continuous use until Guitar Center Stores tore it down. Thus, Diving World gained an easement running with the land when it expended its funds in reliance on the license it was granted.

Because Guitar Center Stores may be burdened with this easement only if the record shows it took possession of the property with notice of the easement, we must consider whether it did so. See *Lowe's,* supra, 283 Ga. App. at 856.

> Whether a feature of a property amounts to a condition sufficient to charge a purchaser with "reasonable and prudent investigation" is generally a question of fact for the jury. [*Hopkins v. Virginia Highland Assoc.*, 247 Ga. App. 243, 246 (1) (541 SE2d 386) (2000).] However, "when the easement being enjoyed is open and observable to any reasonably prudent person, the question of notice is not one of fact but one of law." [*Joel v. Publix-Lucas Theatres*], 193 Ga. 531, 542 (19 SE2d 730) (1942). [Diving World] must show, then, that the sign at issue here was "of such a size or was so unusual as to place a purchaser on notice, as a matter of law," of the presence of an easement. [*Hopkins*, supra at 246 (1)].

10

*Lowe's*, supra, 283 Ga. App. at 856 (footnotes omitted). Because Guitar Center Stores admitted that the 40-foot tall, 15.5-foot by 10.5-foot sign was open and obvious and Guitar Center Stores was in possession of the property for almost four years before the sign was destroyed, we conclude, as a matter of law, that Guitar Center Stores had actual notice of the sign "sufficient to charge it as a matter of law with a duty to conduct a reasonable and prudent investigation, and that [Guitar Center Stores] therefore took the property subject to [Diving World's] easement." *Lowe's*, supra, 283 Ga. App. 857.

Treating Guitar Center Stores' evidence and all inferences and conclusions therefrom most favorably toward it as the party opposing Diving World's motion for summary judgment, we do not find that Guitar Center Stores' submitted evidence establishing either its entitlement to summary judgment or creating a genuine issue for trial. Therefore, the trial court erred by granting summary judgment to Guitar Center Stores and by denying Diving World's motion for summary judgment.

3. Because of our holding in Division 2, supra, it is unnecessary to address Diving World's remaining enumerations of error as the issues raised therein are unlikely to recur in the further proceedings of this case.

11

Accordingly, we reverse the grant of summary judgment to Guitar Center Stores and remand the case to the trial court with direction to grant Diving World's motion for summary judgment on liability and that the further proceedings on damages be conducted in light of this opinion.

*Judgment reversed and case remanded with direction. Dillard and McMillian, JJ., concur.*