This is an appeal from a writ of mandamus issued by the trial court ordering Dr. Arthur Dennis, as President of Gadsden State Junior College, to reinstate Jo Ann Dobbs as student health nurse at the school, with back pay and benefits. We affirm.
Jo Ann Dobbs had been a school health nurse at Gadsden State Junior College ("Gadsden State") since 1972. Mrs. Dobbs's contract with the school was to expire on 30 September 1983. The State Board of Education Policy 614.011 states:
 "All personnel (except instructors, librarians or counselors) not on continuing service status employed on a full-time basis shall be notified in writing of nonrenewal of employment on or before 120 calendar days preceding the expiration of the contract and . . . failure of the employing agent to notify employee of nonrenewal presumes employment for the next contract period."
2 June 1983 was the last day Dobbs could have received notice within this 120-day limit.
Dr. Arthur Dennis, President of Gadsden State, sent Mrs. Dobbs a certified letter on *Page 79 
2 June 1983 to inform her of the nonrenewal of her contract. This letter read, in part:
"Dear Mrs. Dobbs:
 "This letter is written pursuant to State Board of Education Policy 614.011 which requires that non-professional staff be given 120 days' notice concerning contract non-renewal. It is intended to serve as the required official prior notification that your employment contract, which terminates September 30, 1983, will not be renewed.
 "Sincerely, "s/Arthur W. Dennis "Arthur W. Dennis "President"
Mrs. Dobbs was not at home, however, so the post office left her a note that the letter carrier had attempted to deliver the letter. On 4 June 1983, Mrs. Dobbs called the post office and was informed that the letter was from Gadsden State. Mrs. Dobbs did not see a copy of the letter until 8 June 1983, when she saw a copy that had been sent to her husband, who was Dean of Student Services at Gadsden State. Mrs. Dobbs accepted the certified letter at the post office on 15 June 1983.
The trial court found that Mrs. Dobbs was a full-time employee and did not receive actual written notice 120 days prior to the end of her contract. The court then issued a writ of mandamus ordering Dr. Dennis, as President of Gadsden State, to reinstate Mrs. Dobbs as school nurse with back pay and benefits since 1 October 1983. We affirm.
Dennis contends that: (1) Mrs. Dobbs was not a full-time employee of Gadsden State, and therefore the 120-day notice requirement did not apply to her; and (2) Mrs. Dobbs was given constructive notice within the proper period of time.
It is the policy of this court to presume correct the findings of the trial court based upon competent evidence, when the evidence is presented ore tenus. Such findings will not be disturbed upon appeal if supported by the evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous and manifestly unjust. First Alabama Bank ofMontgomery v. Coker, 408 So.2d 510 (Ala. 1982); Knapp v. Knapp,392 So.2d 527 (Ala. 1980). The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment. First Alabama Bank of Montgomery v. Coker, supra.
We hold that the evidence was sufficient to sustain the trial court's finding that Mrs. Dobbs was a full-time employee and thus was entitled to 120 days' notice of non-renewal of her contract under State Board of Education Policy 614.011. Mrs. Dobbs testified she worked seven hours in her office on days that school was in session, with no break for lunch. The office hours for the school nurse are listed in the school catalog as 8:00 a.m. to 3:00 p.m., or seven hours. Dobbs's job description states that in addition to these office hours, she will be "on call in case of emergencies." Mrs. Dobbs testified she was often called back nights, weekends, and days between quarters by "dorm mothers" and students. She further testified that she often stayed later than 3:00 p.m. to take care of sick or injured students and drive them to the doctor, if needed. Dobbs's job description also called for her to perform "other related duties assigned." Mrs. Dobbs testified she performed such diverse tasks as coordinating health fairs, making trips as the cheerleader sponsor, and running the hospitality room at the State Women's Basketball Tournament. All of these activities were done after her posted office hours. Mrs. Dobbs only drew seventy percent of the salary for a full-time employee, however. Mrs. Dobbs testified she considered herself a full-time employee in every respect except the way her salary was calculated. Dr. Dennis testified that Mrs. Dobbs received the same fringe benefits as a full-time employee, including sick leave, professional leave, personal leave, annual leave, insurance, and holidays. Dr. Dennis's letter to Mrs. Dobbs, in which he states the letter is written pursuant to Policy 614.011, also could lead to an inference *Page 80 
that Gadsden State considered Dobbs a full-time employee.
Based on the evidence above, we cannot say that the trial court was plainly and palpably erroneous in finding that Mrs. Dobbs was a full-time employee for the purposes of Policy 614.011. As a full-time employee, Mrs. Dobbs was entitled to notice of non-renewal of her contract at least 120 days before it expired.
Dennis contends Mrs. Dobbs received constructive notice of the non-renewal of her contract, which he says should be sufficient for a non-instructor employee. The policy in question states that such employees "shall be notified in writing of non-renewal of employment." We do not believe the trial court was plainly and palpably in error in interpreting this language to mean actual notice was required. Furthermore, Code 1975, § 16-24-12, dealing with teachers is similar to Board Policy 614.011. It requires the employing Board of Education to give notice of non-renewal in writing to a teacher on or before the last day of the school term. Failure to give such notice has the effect of deeming the teacher reemployed for the succeeding school year. This court has held that written notice of non-renewal must be given to the teacher. SeeAthens City Board of Education v. Reeves, 388 So.2d 515 (Ala. 1980); Stollenwerck v. Talladega County Board of Education,420 So.2d 21 (Ala. 1982); Johnson v. Selma Board of Education,356 So.2d 649 (Ala. 1978). Although the standard of notice for teachers and non-instructors may be different, we do not have to reach this issue. Mrs. Dobbs did not have even constructive notice of the non-renewal of her contract. She testified she did not know that the letter was being sent to her. The note left by the mail carrier merely stating he had tried to deliver a certified letter does not suffice as constructive notice.
Since Mrs. Dobbs did not receive notice of the non-renewal of her employment on or before 120 days preceding the end of her contract, she was presumed employed for the next contract period. Therefore, we hold Mrs. Dobbs was entitled to reinstatement as school nurse, with back pay and benefits.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.