This action was originally brought by the State of Alabama in the Probate Court of Madison County as a petition to condemn a strip of land that abuts U.S. Highway 72 East in Huntsville. Caroline Chapman Philpot, individually and as trustee under the last will and testament of Elizabeth H. Chapman; Rosalie Pettus Price; Reuben Chapman V; and Erle Pettus, Jr., individually and as trustee under the last will and testament of Reuben Chapman IV (hereinafter collectively referred to as "the Chapman heirs"[1]; where appropriate, the Chapman heirs shall include their predecessors and the decedents whose estates are represented) and RBC Limited Partnership were made parties to the condemnation action.[2] The probate court granted the petition to condemn the property. The State of Alabama, the Chapman heirs, and RBC Limited appealed to the Madison Circuit Court.
In the circuit court, Jacobs Bank and Henson, Inc., were allowed to intervene as defendants based on their claims that they owned portions of the strip of land. The Chapman heirs then brought as a cross-claim a declaratory-judgment action against RBC Limited, Jacobs Bank, and Henson, Inc. (hereinafter collectively referred to as "the defendants"), to determine who actually owned the land. After an evidentiary hearing, the circuit court found that the defendants owned the land in fee simple absolute. The Chapman heirs filed a motion for a new trial, or in the alternative, a motion to alter, amend, or vacate the judgment. The motion was denied, and after the trial court certified its judgment as final pursuant to Rule 54(b), Ala.R.Civ.P., the Chapman heirs appealed. We reverse and remand.
In 1932, the Chapman heirs conveyed to Madison County an 80-foot wide by 6,100-foot long strip of land; U.S. Highway 72 was later constructed on that strip of land. In 1936, the Chapman heirs conveyed to Madison County two additional 60-foot strips of land on either side of the original 80-foot strip. However, the 1936 deed, unlike the 1932 deed, contained a reversion clause; that clause states:
 "PROVIDED, HOWEVER, it is understood that the lands herein conveyed and granted from the grantors herein to Madison County, Alabama, is to be used for the purpose of roadside improvements, including grading, constructing of slopes and ditches, planting, beautifying, maintaining and tending; and in the event Madison County or its assigns or the State of Alabama, or its assigns, shall cease to use and maintain the lands herein conveyed as herein provided, and as originally used and maintained hereunder the right of the grantee or its assigns shall cease and determine, and the title to the lands herein conveyed shall revert to the grantors, their heirs or assigns."
In 1963, the Chapman heirs conveyed by a fee simple warranty deed 18 acres of land that abutted the 60-foot strip on the south side of U.S. Highway 72 (the south-side 60-foot strip is hereinafter referred to as "the south strip") to Wikle Enterprises, Inc. Subsequently, through various conveyances, Wikle Enterprises conveyed all of its interest in the 18 acres to the defendants, *Page 125 
each of whom became the owner of a separate portion of the land. None of these conveyances are in dispute.
The sole issue on appeal is whether the 1963 deed conveying the 18 acres to Wikle Enterprises also conveyed the south strip to the defendants. Typically, when a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust. Bearden v. Ellison, 560 So.2d 1042, 1043
(Ala. 1990). However, in this case, although the trial court heard ore tenus testimony, the heightened deference commanded by the ore tenus rule does not govern our review. The ore tenus rule does not apply to cases involving undisputed facts, see Stiles v. Brown, 380 So.2d 792, 794
(Ala. 1980), and while the evidence before the trial court in this case may indicate a dispute concerning what land the parties "thought" they owned, the evidence indicates no material dispute as to what the 1963 deed actually conveyed. Therefore, our review is de novo. See Stiles,380 So.2d at 794.
A court must fix a boundary at the location called for in the deed unless there is some claim of relocation by other means (e.g., adverse possession). Jesse P. Evans III, Alabama Property Rights and Remedies
§ 12.5(d) (2d ed. 1998). It is well-settled that when there is no ambiguity in the language of a deed, a court must give effect to the clear and plain terms. African Methodist Episcopal Church v. Saint PaulMethodist Church of Selmont, 362 So.2d 868, 871 (Ala. 1978). Furthermore, "[w]here the language in a deed is plain and certain, acts and declarations of the parties cannot be resorted to to aid a construction." Kennedy v. Henley, 293 Ala. 657, 662, 309 So.2d 435, 439
(1975).
Therefore, the 1963 deed is the beginning point of the inquiry in determining which party owned the south strip. The description in the deed is as follows:
 "All that part of the Southeast quarter of Section 19, Township 3 South, Range 1 East in the City of Huntsville, Madison County, Alabama, particularly described as beginning at the intersection of the East margin of Maysville Road and the South margin of U.S. Highway # 72 East, said point being located North 50 degrees 06 minutes East 144.0 feet from the most Northerly corner of Lot 23, Block 11 of the Chapman Heights Eighth Addition to the City of Huntsville as of record in Plat Book 3, Page 153 of the Probate records, Madison County, Alabama; said point is further described as being North 1 degree 00 minutes West 1235.0 feet North 49 degrees 42 minutes East 929.75 feet, North 50 degrees 45 minutes East 2391.50 feet and North 50 degree 06 minutes East 144.0 feet from the center of the West boundary of Section 30, Township 3 South, Range 1 East; thence from the place of beginning North 50 degrees 31 minutes East along the South margin of U.S. Highway # 72 East 1310.05 feet to a 6 inch x 6 inch concrete R.O.W. marker; thence North 38 degrees 26 minutes West 59.65 feet to a 6 inch x 6 inch concrete R.O.W. marker on the South margin of U.S. Highway # 72 East; thence North 50 degrees 31 minutes East along the South margin of U.S. Highway # 72 East 249.7 feet to a point of curve marked by a 6 inch x 6 inch concrete R.O.W. marker; thence around a curve to the left, the cord bearing and distance of North 49 degrees 36 minutes East 189.15 feet to a point on the South margin of U.S. Highway # 72 East; thence South 39 degrees 29 minutes East 462.65 feet to a point; thence South 50 *Page 126 
degrees 31 minutes West 1894.4 feet to a point; thence North 89 degrees 53 minutes West 143.45 feet to a point on the East margin of Maysville Road; thence North 0 degrees 07 minutes East along the East margin of Maysville Road 400.00 feet to the place of beginning and containing 18.01 acres."
The only testimony offered at trial concerning the land description contained in the 1963 deed was given by Thomas Black, a land surveyor, who testified that the property line of the property deeded to Wikle Enterprises in 1963 clearly abuts the south line of the south strip; thus, the property conveyed to Wikle Enterprises in 1963 did not include the south strip. None of the defendants presented any evidence contradicting Black's testimony, nor did they present any evidence showing that their particular deeds included the south strip.
The defendants' only response to Black's testimony was that the 1963 deed conveyed the south strip because they "thought" it did. This alone is not sufficient evidence upon which the trial court could base its judgment. Why the defendants thought that the Chapman heirs would purport to convey by a warranty deed fee simple title to a strip of land in which the Chapman heirs had only a right of reversion if the State of Alabama or Madison County failed to use the land "for the purpose of roadside improvements" was not explained. The Chapman heirs would have breached their warranty upon execution and delivery of such a deed.
The defendants also argued that because the description of the land in the 1963 deed referred to U.S. Highway 72 East, their property must border U.S. Highway 72, and not the south strip. While reference is made to Highway 72 East at the beginning of the 1963 deed, the reference is coupled with two other descriptions: a description based on the Madison County plat map and a description based on a government survey. As the description continues, reference is made to the border of U.S. Highway 72 East along with metes and bounds descriptions and references to concrete "R.O.W." markers. Black testified at trial that, based on his survey of the property, the calls in the description matched the border of the south strip, not the pavement of U.S. Highway 72. The defendants presented no evidence disputing this testimony. Stated alternatively, the defendants made no showing that the descriptions in the 1963 deed conflict with one another.
Because of the alleged conflict in the deed, the trial court resorted to evidence other than the actual description in the deed itself to determine the intent of the parties.[3] However, without a showing by the defendants that the land description in the 1963 deed was ambiguous, any evidence concerning the parties' acts or declarations could not be used to interpret the deed. Kennedy, 293 Ala. at 662, 309 So.2d at 439. Because there was no showing that the description in the 1963 deed was ambiguous, the trial court erred in considering this evidence.[4] *Page 127 
There is no proper evidence in the record showing that the 1963 deed conveyed the south strip. Because the defendants make no other claim whereby they would have received an interest in the property, we hold that the defendants own no interest in the land at issue, and we reverse the judgment of the trial court and remand the case for an order or proceedings consistent with this opinion. The defendants own the 18 acres the Chapman heirs conveyed to Wikle Enterprises in 1963 by a warranty deed conveying fee simple title; this property, however, is not the property in dispute here.
REVERSED AND REMANDED.
Moore, C.J., and See, Lyons, Johnstone, Harwood, and Stuart, JJ., concur.
Woodall, J., recuses himself.
[1] It is unclear how each Chapman received his or her interest in the property sought to be condemned. However, because each Chapman's individual interest is not in dispute, we refer to them collectively as "the Chapman heirs."
[2] The Madison County tax collector and the Central Volunteer Fire Department were also named as defendants in the condemnation action; however, they are not parties to this appeal.
[3] The defendants argue that the following evidence was credible evidence upon which the trial court relied in rendering its judgment: the testimony of Luther Wikle (a party to the 1963 conveyance), stating that he thought he was purchasing the south strip; the fact that the land conveyed in 1963 was conveyed for commercial purposes; the testimony of Ed Ragland (a general partner in RBC Limited), stating that he would not have purchased the land without unrestricted access to U.S. Highway 72; and a prior conveyance made in 1960 by one of the Chapman heirs that specifically excluded from the conveyance the reversionary interest in the south strip.
[4] The defendants also argue that the reference to U.S. Highway 72 East in the deed's description of the land is the controlling description because a description using artificial objects takes precedence over a metes-and-bounds description when there is a conflict between descriptions in a deed. However, this rule of construction, like other rules of construction for deeds, is used only when all efforts to reconcile conflicting terms have failed. See Deramus v. Deramus,204 Ala. 144, 85 So. 397 (1920). Therefore, because the defendants have not presented any evidence indicating that the descriptions cannot be reconciled, the reference to U.S. Highway 72 East does not control.