THOMAS, Judge.
 

 Ruth Brogden and Dorothy Timothy (“the sellers”) appeal from a judgment in favor of Travis D. Durkee and April Dur-kee (“the buyers”) in an action to recover damages resulting from the sellers’ delay in closing a real-estate sales transaction.
 

 Facts and Procedural History
 

 On March 7, 2005, the buyers entered into a real-estate sales contract with the sellers for the purchase of a house and a lot (“the property”). The contract established a closing date of April 4. The sellers inherited title to the property through their mother. The closing attorney discovered in preparing for closing that the sellers did not have marketable title to the property because the sellers’ mother’s will had not been probated. The buyers then learned that the sellers did not intend to go ahead with the sale, and, on May 6, 2005, the buyers filed an action asserting fraud and breach-of-contract claims and requesting specific performance. After further delays, the sellers delivered the deed to the property to the buyers on June 30. The trial court conducted a bench trial on the buyers’ claims, at which the sellers argued that the merger doctrine presented a complete defense to those claims. At the end of the buyers’ case-in-chief, the sellers moved the trial court to dismiss the buyers’ complaint. The trial court dismissed the buyers’ claims requesting specific performance and alleging fraud, but it denied the motion as to the breach-of-contract claim. The trial court entered a judgment in favor of the buyers in the amount of $2,528 on their breach-of-contract claim and specifically found that the merger doctrine did not act as a defense to the buyers’ breach-of-contract claim. The sellers now appeal to this court.
 

 
 *115
 

 Issue
 

 The dispositive issue in this case is whether the merger doctrine caused the time-of-performance clause in the real-estate sales contract to merge into the deed upon delivery, thereby precluding the buyers’ breach-of-contract claim.
 

 Standard of Review
 

 The trial court entered its judgment after hearing ore tenus testimony.
 

 “““[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.””
 
 Water Works & Sanitary Sewer Bd. v. Parks,
 
 977 So.2d 440, 443 (Ala.2007) (quoting
 
 Fadalla v. Fadalla,
 
 929 So.2d 429, 433 (Ala.2005), quoting in turn
 
 Philpot v. State,
 
 843 So.2d 122, 125 (Ala.2002)). 1 “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’
 
 Waltman v. Rowell,
 
 913 So.2d 1083, 1086 (Ala.2005) (quoting
 
 Dennis v. Dobbs,
 
 474 So.2d 77, 79 (Ala.1985)). Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’
 
 Wattman v. Rowell,
 
 913 So.2d at 1086.”
 

 Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc.,
 
 985 So.2d 924, 929 (Ala.2007).
 

 Analysis
 

 The sellers argue that the buyers’ breach-of-contract claim became moot when the buyers closed on the property because, the sellers argue, the time-of-performance clause in the contract merged into the deed upon delivery and the deed did not state a time for performance. The general rule in Alabama is that,
 

 “ ‘in the absence of fraud or mistake, when a contract to convey has been consummated by the execution and delivery of the deed, the contract becomes functus officio, and the deed becomes the sole memorial and expositor of the agreement between the parties, and upon it thereafter the rights of the parties rest exclusively....’”
 

 Jones v. Dearman,
 
 508 So.2d 707, 709 (Ala.1987) (quoting
 
 Alger-Sullivan Lumber Co. v. Union Trust Co.,
 
 207 Ala. 138, 142, 92 So. 254, 257 (1922)). “However, it is well settled that ‘there are cases in which certain preliminary stipulations, such as are
 
 independent and collateral
 
 and not such preliminary agreement as would be merged in the conveyance, survive the deed and confer independent causes of action.’ ”
 
 Starr v. Wilson,
 
 11 So.3d 846, 855 (Ala.Civ.App.2008) (quoting
 
 Ridley v. Moyer,
 
 230 Ala. 517, 520, 161 So. 526, 528 (1935));
 
 see also Rickenbaugh v. Asbury,
 
 28 Ala.App. 375, 380, 185 So. 181, 184 (1938) (holding that a seller’s obligation, under a real-estate sales contract, to provide water for domestic purposes did not merge into the deed). Alabama courts do not appear to have directly addressed the question whether a time-of-performance clause merges into a deed. The courts of most of the other states that have considered this question have held that a time-of-performance clause does not merge into the deed and, thus, survives delivery of the deed. A former California District Court of Appeal held that “a tardy conveyance [of a deed] should not be held to constitute a waiver of the purchaser’s right to sue for the damages resulting from the delay.”
 
 Christensen v. Slawter,
 
 343 P.2d 341, 345, 173 Cal.App.2d 325, 332 (1959). The New Mexico Supreme Court considered this same question and held:
 

 
 *116
 
 “[A] stipulation to deliver a deed at a certain time, or within a reasonable time, or upon a contingency, is either breached before the delivery of a deed or falls with such delivery and acceptance. It was never intended to survive the deed except as a basis of an action for damages, and this appears from its terms.”
 

 Continental Life Ins. Co. v. Smith,
 
 41 N.M. 82, 89, 64 P.2d 377, 381-82 (1936). A former Texas Court
 
 of
 
 Civil Appeals reached the same conclusion in
 
 Houston & Texas Central R.R. v. Wright,
 
 15 Tex.Civ.App. 151, 153, 38 S.W. 836, 837 (1897), in which it held:
 

 “Had the deed not been executed, the vendee could have sued for a specific performance and for damages in the same action. ... The execution of the deed avoided the necessity of a suit for specific performance. If, however, damages had been sustained in the meanwhile, no reason is perceived why an action would not lie for their recovery
 

 The United States District Court for the Eastern District of Virginia, in deciding that a time-of-performance clause does not merge into the deed, noted:
 

 “The soundness of a rule is often confirmed by an examination of the effects of the contrary rule. That is the case here; were a contractual time of performance obligation to be merged into the deed, a tardy vendor could avoid the liability contemplated by the time of performance clause simply by tendering a deed that lacked an express reservation of delay damages. The vendee would then face a dilemma: either accept the deed and forfeit the cause of action, or reject the deed and sue the vendor for specific performance and damages. But a vendee already aggrieved by a tardy vendor should not be forced to reject the deed and proceed to litigation on the entire transaction to preserve his right to seek damages for an element collateral to both the fact of conveyance and the substance of what was conveyed. Indeed, as the
 
 Christensen [v. Slawter,
 
 343 P.2d 341, 173 Cal.App.2d 325 (1959)], court noted, it is illogical to allow a vendee to sue a tardy vendor for specific performance and damages where the vendor has not yet tendered the deed, while foreclosing the damages remedy merely because tardy performance is tendered.”
 

 Meurer v. Tribby (In re Tribby),
 
 241 B.R. 380, 386 (E.D.Va.1999).
 

 We agree with the reasoning expressed by the courts quoted above and hold that a time-of-performance clause in a real-estate sales contract does not merge into a deed upon its delivery. In this case, the sellers breached the time-of-performance clause in the contract, and, as a result, the buyers were damaged. Before the sellers’ delivery of the deed, the buyers sued, requesting both specific-performance and monetary damages. Although the sellers’ eventual delivery of the deed foreclosed the specific-performance remedy, it did not foreclose the buyers’ action to recover the damages they had suffered as a result of the sellers’ breach. Therefore, the trial court’s judgment is due to be affirmed. The buyers’ request for attorneys’ fees is denied.
 

 Conclusion
 

 Because we hold that a time-of-performance clause in a real-estate sales contract does not merge into the deed upon delivery, the trial court’s judgment in favor of the buyers on their breach-of-contract claim is affirmed.
 

 AFFIRMED.
 

 
 *117
 
 THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.