THOMAS, Judge.
The Department of Industrial Relations (“DIR”) appeals from a judgment entered by the Franklin Circuit Court (“the trial court”) determining that Farrah M. Frederick was eligible and not disqualified to receive unemployment-compensation benefits and awarding her 26 weeks of unemployment-compensation benefits. We affirm in part, reverse in part, and remand.
The record indicates that Frederick had been employed by Wal-Mart Stores, Inc. (“Wal-Mart”), at its Russellville location from December 23, 2004, until November 1, 2009, when she was dismissed from her *803 employment. Following her dismissal from her employment with Wal-Mart, Frederick sought unemployment-compensation benefits. Specifically, Frederick testified that, after her dismissal, she had filed two claims for weekly unemployment-compensation benefits; documentary evidence indicated that she had filed claims on January 9, 2010, and January 28, 2010. Wal-Mart challenged Frederick’s application for unemployment-compensation benefits on the basis that Frederick was disqualified from receiving benefits pursuant to § 25-4-78(3)b., Ala.Code 1975, because, it said, she had been tardy for numerous shifts throughout her last year of employment and had been warned about her lack of punctuality.
On January 12, 2010, DIR mailed Frederick a “Notice of Determination” denying her claim for unemployment-compensation benefits; that notice stated that DIR’s examiner had determined that Frederick was disqualified from receiving unemployment-compensation benefits pursuant to § 25-4-78(3)b. and contained a finding that Frederick had been dismissed from her employment with Wal-Mart for “misconduct committed in connection with work repeated after previous warning.” Frederick then filed an appeal with DIR’s hearing and appeals division on January 26, 2010. The hearings and appeals division conducted a telephone-conference hearing at which both Frederick and Steve Brannon, Wal-Mart’s store manager, provided sworn testimony. On March 30, 2010, the hearing and appeals division mailed its decision affirming the examiner’s determination disqualifying Frederick from receiving unemployment-compensation benefits under § 25-4-78(3)b. Subsequently,' on April 5, 2010, Frederick filed an application for leave to appeal her denial of unemployment-compensation benefits to DIR’s board of appeals. On April 30, 2010, the board of appeals denied Frederick’s application for leave to appeal. Pursuant to § 25-4-95, Ala.Code 1975, Frederick then appealed to the trial court on May 19, 2010. DIR answered Frederick’s complaint and denied the allegation that she was eligible for unemployment-compensation benefits.
On August 9, 2010, DIR filed a motion for a summary judgment. In its summary-judgment motion, DIR argued that the evidence undisputedly indicated that Frederick had been continually tardy to work, that she had been adequately warned that continued tardiness would result in termination of her employment, and, thus, that she was disqualified from receiving unemployment-compensation benefits pursuant to § 25^-78(3)b. The trial court denied DIR’s motion for a summary judgment on September 2, 2010, and it subsequently conducted an ore tenus hearing on the matter.
On April 20, 2011, the trial court entered a judgment in favor of Frederick, which stated in pertinent part:
“1. Plaintiff, Farrah M. Frederick, was not discharged from her most recent bona fide work for an actual or threatened deliberate misconduct committed in connection with work after previous warnings.
“2. Farrah M. Frederick is qualified and eligible to receive unemployment compensation benefits under the Unemployment Compensation Laws of the State of Alabama.
“3. Plaintiff, Farrah M. Frederick, shall receive from [Wal-Mart] twenty-six (26) weeks of unemployment compensation at the rate of $221.00 per week.”
On May 19, 2011, DIR filed a motion to alter, amend, or vacate the April 20, 2011, judgment arguing that the trial court had erred in awarding Frederick 26 weeks of *804 unemployment-compensation benefits, which is the maximum individual benefit entitlement allowed by law during a benefit year, because it was undisputed that she had filed claims for only 2 weeks of unemployment-compensation benefits. See § 25-4-74, Ala.Code 1975. The trial court denied DIR’s postjudgment motion on May 24, 2011. DIR timely appealed to this court.
DIR appeals the trial court’s judgment awarding Frederick 26 weeks of unemployment-compensation benefits, contending, like it did in its postjudgment motion, that the trial court erred by awarding Frederick 26 weeks of unemployment-compensation benefits when it was undisputed that she had filed claims for only 2 weeks of unemployment-compensation benefits and that she had only presented evidence that she was eligible for 2 weeks of benefits. Therefore, we will consider only that issue on appeal, and we express no opinion regarding whether the trial court erred in determining that Frederick was not disqualified from receiving unemployment-compensation benefits pursuant to § 25-4-78(3)b.
“ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.”” Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘ “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or incorrect application of law to the facts.’ Waltman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
On appeal, DIR argues that the evidence presented at trial was insufficient to meet Frederick’s burden of proof that she was eligible for benefits for any period beyond the two weeks for which she had filed claims. We agree.
Pursuant to Alabama law, the burden of proof regarding a claimant’s eligibility for unemployment-compensation benefits rests on the claimant. See Department of Indus. Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948); and Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 445 (Ala.1999), overruled on other grounds by Ex parte Rogers, 68 So.3d 773 (Ala.2010) (“Under Alabama’s Unemployment Compensation Act, a claimant has the burden of proving that he or she is eligible to receive benefits under Ala.Code 1975, § 25-4-77....”). Thus, Frederick was required to establish her eligibility to receive unemployment-compensation benefits.
Section 25-4-77, Ala.Code 1975, sets forth the mandatory requirements for a claimant’s eligibility for receiving unemployment-compensation benefits and provides, in pertinent part:
“(a) An unemployed individual shall be eligible to receive benefits with respect to any week in a benefit year ... only if the director finds that:
“(1) He has made a claim for benefits with respect to such week in accordance with such regulations as the director may prescribe.
*805 “(2) He has registered for work at, and thereafter continued to report at, a state employment office in accordance with such regulations as the director may prescribe....
“(3) He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work....
“(4) He has been totally or partially unemployed in such week.
“(5) He has made a reasonable and active effort to secure work which he is qualified to perform by past experience and training....”
Frederick testified that she was asking the trial court to approve her unemployment-compensation benefits for “[h]owever many weeks it’s allowed,” that she had actively sought employment since being dismissed by Wal-Mart, and that she had been unable to find a job. That is the only testimony she provided regarding her eligibility for benefits; the record contains no testimony or documentary evidence indicating that she had registered for work at the state employment office as required by § 25-4-77(a)(2) or that she was capable, both mentally and physically, of performing work as required by § 25-4-77(a)(3) for any weeks in addition to the two weeks for which she had filed claims with DIR seeking unemployment-compensation benefits.[1] Accordingly, we conclude that Frederick failed to meet her burden of proving eligibility for unemployment-compensation benefits as required by § 25^4-77 for any of the additional 24 weeks for which trial court awarded her benefits. Thus, we affirm the judgment insofar as it awarded Frederick 2 weeks of unemployment-compensation benefits, we reverse the trial court’s judgment insofar as it awarded Frederick an additional 24 weeks of unemployment-compensation benefits, and we remand the cause to the trial court for it to enter a judgment consistent with this opinion. Because of our disposition of the appeal on this issue, we pretermit discussion of the remaining issues raised by DIR.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. On appeal, DIR concedes that Frederick is eligible for two weeks of unemployment-compensation benefits.