THOMAS, Judge.
The Alabama Department of Labor[1] (“the department”) appeals from a judgment entered by the Etowah Circuit Court (“the trial court”) determining that John M. Wiggins was eligible and.not disqualified to receive unemployment-compensation benefits and awarding him 22 weeks of unemployment-compensation benefits in addition to the 4 weeks of benefits he had already been paid.
*86 The record indicates that Wiggins was employed by Regional Biomedical Laboratory (“Regional”) as a courier; his job consisted solely of driving from Regional’s office located in Gadsden to Montgomery to pick up medical specimens and driving back to Gadsden. On October 7, 2011, Wiggins was hospitalized after fainting for no apparent reason; he remained hospitalized for several days.[2] The parties agree that on October 24, 2011, Wiggins met with Susan Emanuelsen, the president of Regional, and presented her with a release from his doctor permitting him to return to work with no restrictions. Emanuelsen, however, inquired of Wiggins if the cause of his fainting had been determined and if he had received treatment; according to the record, Wiggins indicated that the cause had not been identified and that he had an appointment with his doctor on November 7, 2011. Emanuelsen informed Wiggins that she would not allow him to return to work without a doctor’s release specifically stating that he was cleared to operate an automobile. As part of the unemployment-benefits claims process, the department obtained a doctor’s release on or about November 23, 2011, that stated that Wiggins had been cleared to return to his usual work duties on November 14, 2011. That doctor’s release is included in the appellate record. However, it is undisputed that Wiggins did not contact Eman-uelsen or attempt to report for work after the October 24, 2011, meeting.
Wiggins filed a claim for unemployment-compensation benefits on October 30, 2011; his claim was initially approved. The record indicates that Wiggins filed four eligible weekly certification claims in conjunction with his claim. Regional appealed the decision to award Wiggins unemployment-compensation benefits to an administrative hearing officer (“AHO”) on the basis that he had not returned to work with a doctor’s release clearing him to operate an automobile. A hearing was held via telephone on December 14, 2011. The AHO reversed the original determination, finding that Wiggins had left his employment without good cause and that Wiggins was ineligible to receive unemployment-compensation benefits. Wiggins timely filed an application to appeal to the department’s board of appeals; the board of appeals denied Wiggins’s application on January 20, 2012.
Wiggins filed an appeal of the board’s decision in the trial court on February 7, 2012; the department answered on February 15, 2012. A trial was held on September 30, 2013, at which the trial court heard evidence ore tenus. On October 1, 2013, the trial court entered a judgment that stated, in its entirety: “This cause coming before the court on the complaint of [Wiggins] and upon proof ore tenus it is ordered, adjudged and decreed as follows: Judgment in favor of [Wiggins].”
On March 28, 2014, Wiggins filed a motion styled as a “motion for relief from judgment or order pursuant to Rule 60(b)(5) & (6) of the Alabama Rules of Civil Procedure.” In the motion, Wiggins asserted that the department had failed to pay him the unemployment-compensation benefits that he had been awarded by the trial court’s October 1, 2013, judgment. Although Wiggins purported to file the motion pursuant to Rule 60(b)(5) & (6), Ala. R. Civ. P., we note that, in pertinent part, Rule 60 provides that a party may be relieved from a final judgment when
“(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been *87 reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
However, Wiggins was not asserting that he should be relieved from the trial court’s judgment based upon the reasons stated in Rule 60(b)(5) & (6). Wiggins was, instead, seeking to enforce the trial court’s judgment in his favor that implicitly required the department to pay him the unemployment-compensation benefits that he claimed. We, therefore, construe Wiggins’s motion to have been filed pursuant to Rule 70, Ala. R. Civ. P.,[3] “which recognizes the trial court’s authority to use its inherent power to enforce a settlement agreement approved by that court. Ala. R. Civ. P. 70, Committee Comments (citations omitted); 7 James W. Moore et al., Moore’s Federal Practice ¶ 70.02 (2d ed.1971).” Cupps v. Cupps, 675 So.2d 889, 891 (Ala.Civ.App.1996); see also Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997) (“[t]he substance of a motion and not its style determines what kind of motion it is”).
The department answered Wiggins’s motion and asserted that it had paid all of Wiggins’s claims for unemployment-compensation benefits for which he was eligible. The trial court held a hearing on April 29, 2014. At the hearing, the department stipulated that Wiggins was entitled to, and that it had paid to him, four weeks of unemployment-compensation benefits. On May 1, 2014, the trial court entered a judgment ordering the department to pay Wiggins an additional 22 weeks of unemployment-compensation benefits that it determined were due to Wiggins. The department filed a notice of appeal to this court on June 11, 2014.
Section 25-4-74, Ala.Code 1975, limits the maximum individual benefit entitlement allowed during a benefit year to 26 weeks. At the time the trial court entered the May 1, 2014, judgment, Wiggins had been paid the four weeks of unemployment-compensation benefits for which he had submitted the required weekly certifications. Thus, the trial court’s judgment ordering the department to pay Wiggins an additional 22 weeks of unemployment-compensation benefits amounted to an award of the maximum individual benefit allowed by law during a benefit year.
In its brief on appeal the department contends that the trial court erred by awarding Wiggins an additional 22 weeks of unemployment-compensation benefits when it was undisputed that he had filed only 4 weekly certifications during the eligible benefit year.
*88 “ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). ‘ “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or incorrect application of law to the facts.’ Waltman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
Pursuant to Alabama law, the burden of proof regarding a claimant’s eligibility for unemployment-compensation benefits rests on the claimant. See Department of Indus. Relations v. Tomlinson, 251 Ala. 144, 36 So.2d 496 (1948); and Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 445 (Ala.1999), overruled on other grounds by Ex parte Rogers, 68 So.3d 773 (Ala.2010) (“Under Alabama’s Unemployment Compensation Act, a claimant has the burden of proving that he or she is eligible to receive benefits under Ala.Code 1975, § 25-4-77....”). Thus, Wiggins was required to establish his eligibility to receive unemployment-compensation benefits.
Section 25-4-77, Ala.Code 1975, sets forth the mandatory requirements for a claimant’s eligibility to receive unemployment-compensation benefits and provides, in pertinent part:
“(a) An unemployed individual shall be eligible to receive benefits with respect to any week in a benefit year ... only if the director finds that:
“(1) He has made a claim for benefits with respect to such week in accordance with such regulations as the director may prescribe.
“(2) He has registered for work at, and thereafter continued to report at, a state employment office in accordance with such regulations as the director may prescribe....
“(3) He is physically and mentally able to perform work of a character which he is qualified to perform by past experience or training, and he is available for such work....
“(4) He has been totally or partially unemployed in such week.
“(5) He has made a reasonable and active effort to secure work which he is qualified to perform by past experience and training....”
Alabama Admin. Code, Rule 480-4-3-.08(l)(b), provides, in pertinent part:
“In order to establish eligibility for benefits or for waiting period credit for weeks of unemployment, the claimant shall, after the initial visit, file continuing claims by mail. Such weekly claims for benefits must be filed immediately (but not later than (7) seven calendar days) after the end of the week for which such benefits are being claimed, or (7) seven calendar days after the date the last most recent payment was made or the date the weekly claim card was mailed (whichever is later).”
We further note that both the notice that Wiggins received notifying him of Regional’s appeal and the department handbook *89 for unemployment-compensation-benefits claimants contained language instructing Wiggins to continue to file the weekly certification claims throughout the appeal process.
In Department of Industrial Relations v. Frederick, 89 So.3d 801 (Ala.Civ.App.2012), this court addressed a similar issue. Frederick, the employee, appealed the denial of unemployment-compensation benefits to the circuit court after exhausting her administrative remedies. 89 So.3d at 803. The circuit court reversed the decision to deny her benefits and awarded her 26 weeks of unemployment-compensation benefits. Id. The department appealed to this court, arguing that the circuit court had erred by awarding Frederick 26 weeks of unemployment-compensation benefits because it was undisputed that she had filed weekly certifications for only 2 weeks of benefits. Id. at 804. This court determined that there was no evidence in that appellate record that Frederick had met her burden of proving that she was eligible for unemployment-compensation benefits under § 25-4-77 for the additional weeks awarded to her by the circuit court, and we reversed the circuit court’s judgment insofar as it awarded her the additional 24 weeks of unemployment-compensation benefits. Id. at 805.
We find Frederick comparable to the present case. It is undisputed that Wiggins filed weekly certifications for unemployment-compensation benefits for only four weeks. At the trial, Wiggins testified about the nature of his separation from Regional and his belief that he had been dismissed. The record contains no testimony or documentary evidence indicating that he had registered for work at the state employment office, see § 25-4-77(a)(2), that he was totally or partially unemployed, see § 25-4-77(a)(4), or that he had made reasonable and active efforts to secure work for which he was qualified to perform, see § 25-4-77(a)(5), for any weeks in addition to the four weeks for which he had filed claims with the department seeking unemployment-compensation benefits. Thus, we conclude that Wiggins failed to meet his burden of proving eligibility for unemployment-compensation benefits as required by § 25-4-77 for the additional 22 weeks of the eligible benefit year that the trial court awarded him. See Frederick, 89 So.3d at 805. In other words, the only unemployment-compensation benefits that Wiggins could have possibly been awarded at the conclusion of the trial were for the four weeks for which he had properly submitted the weekly certifications.
Because of our disposition of the appeal on this issue, we pretermit discussion of the department’s second argument, asserting that Wiggins was ineligible to receive unemployment-compensation benefits based on weekly certifications he made in a subsequent year. We reverse the trial court’s judgment awarding Wiggins an additional 22 weeks of unemployment-compensation benefits, and we remand the cause for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Pursuant to Act No. 2012-496, Ala. Acts 2012, codified at § 25-2-1.1, Ala.Code 1975, and effective October 1, 2012, the Alabama Department of Industrial Relations merged with the Alabama Department of Labor, and the new department was named the Alabama Department of Labor.

. The fainting incident occurred after work hours; Wiggins was not at Regional's office and was not driving an automobile owned by Regional when he fainted.

. Rule 70 provides in its entirety:
"If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party. On application of the party entitled to performance, the clerk shall issue a writ of attachment or sequestration against the property of the disobedient party to compel obedience to the judgment. The court may also in proper cases adjudge the party in contempt. If real or personal property is within the state, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of any party and vesting it in others and such judgment has the effect of a conveyance executed in due form of law. When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk.”
As stated above, we infer from the trial court’s judgment in favor of Wiggins that it was ordering the department to perform the specific act of paying Wiggins's claims for unemployment-compensation benefits.