74616. SHUGART et al. v. DEPARTMENT OF
TRANSPORTATION.
(362 SE2d 474)

SOGNIER, Judge.

The Department of Transportation condemned property owned by the Shugarts, father and son, for the development of a limited access highway. The jury returned an award of $86,000 in favor of the Shugarts, who bring this appeal from the trial court's denial of their motion for new trial.

The strip of property condemned by appellee fronted the motel owned by appellants and provided customers with direct access to the motel entrance. As a result of the condemnation, appellants had to reroute the motel customers through an adjacent parcel of property, also owned by appellants, where a service station and extra parking for the motel were situated.

1. Appellants contend the trial court erred by instructing the jury through the use of an example indicating that the consequential damages to which appellants were entitled were equivalent to the amount necessary to repair the damage inflicted by the condemnation, or the "cost to cure" the damage. Both parties agree the trial court initially charged the jury on the correct standard in regard to consequential damages. However, seeking to clarify the difference between the fair market value of the property taken and the consequential damages involved in this case, the trial court offered an example in which it compared the property taken to a fringed rug from which one side had been removed. The trial court continued, "Consequential damages involve then trying to determine by what it would cost to put the owner of this rug back so that his rug is again worth [the example amount of] $10 a square foot. It would be for you, the jury, to determine whether or not from the evidence the owner could go out, buy another piece of fringe to go around there at a certain price and have somebody attach it on there and that it would cost him so much, and that's his consequential damages; or if it requires that he take the whole fringe off and now put another one on there that they no longer made or whatever the situation is. It's for the jury from the evidence to determine what should be done from the evidence that you've heard, but that is what we call consequential dam-

ages. In other words, we know that the original piece of property is not worth what it was when it was a larger piece of property, but the owner gets paid for the actual piece of property that was taken when you give him fair market value for that piece of property. The second item will be consequential damages, what does it take then,. if anything, and you are the judge of that, to put his property back in the shape so it will be the same worth what it was before." Both appellants *and* appellee objected to the trial court's use of this example.

"An illustration given by way of example, in connection with a correct principle of law, however faulty, has been held not to be error, unless it had a tendency to mislead the jury. [Cits.]" *Parker v. Glenn*, 72 Ga. 637, 649 (1884). Although this court " 'will not narrowly scrutinize the illustration if satisfied that, whether right or wrong, it was not calculated to mislead, and did not in fact mislead, the jury,' " *Benton v. State*, 185 Ga. 254, 255 (1) (194 SE 166) (1937), we cannot say here that the faulty example employed by the trial court, though not calculated to mislead, did not have the tendency to mislead the jury.

The trial transcript reveals that the main issue litigated in this case involved the consequential damages incurred by appellants to their motel and service station properties as a result of the taking. Although cost to cure estimates dominated the evidence at trial, appellant James Shugart, Jr., testified regarding consequential damages to the service station property as a result of the unavoidable conversion of one-third of that property for use as a driveway to the motel. Thus, contrary to appellee's assertion, cost to cure damages were not the sole consequential damages sought by appellants and did not constitute the sole evidence of consequential damages presented to the jury.

However, after listening to evidence primarily involving cost to cure consequential damages and after being instructed by the trial court in a colorful example which incorrectly indicated cost to cure damages were the sole element of consequential damages, the jury understandably could have been misled into thinking cost to cure damages were the sole consequential damages at issue in the case. Although cost to cure damages such as the ones in the case sub judice is "an *element* in the determination of the after-taking value of the remaining land," *D'Youville Recreational Assn. v. DeKalb County*, 181 Ga. App. 347, 350 (352 SE2d 181) (1986) (emphasis supplied), we agree with appellants that in view of the evidence in this case, the trial court's example had a tendency to mislead the jury into erroneously believing cost to cure damages was the sole measure of consequential damages here, thus leading the jury into discounting other evidence presented on the issue of consequential damages. This portion of the charge constituted reversible error and, accordingly, the

trial court erred by denying appellants' motion for a new trial.

2. Appellants' remaining enumeration involves the unfortunate juxtaposition in one instruction of the word "inconvenience" as an illustration of the type of damages not flowing from the taking, and thus not compensable, with the instruction regarding recoverable damages for "inconvenience" affecting the value of the remaining property. However, taken in the context of the charge as a whole, this enumeration presents no reversible error, see generally *Whitehead v. Cogar*, 180 Ga. App. 812, 813 (1) (350 SE2d 821) (1986), and in all probability will not be repeated upon retrial of this case.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 2, 1987.

*J. Corbett Peek, Jr., James G. Peek*, for appellants.

*J. Matthew Dwyer, Jr., Thomas C. Dempsey, Beryl H. Weiner, Dennis S. Mackin*, for appellee.