A90A2365. DEPARTMENT OF TRANSPORTATION v.
SHUGART et al.
(403 SE2d 870)

McMURRAY, Presiding Judge.

This marks the third appearance of this case in this Court. Previously, this Court reversed an award of $86,000 in favor of the condemnees because the jury was mistakenly led to believe that cost to cure damages were the only consequential damages involved in the case. *Shugart v. Dept. of Transp.*, 184 Ga. App. 692 (362 SE2d 474). Following a retrial, an award of $127,370 was entered in favor of the condemnees and judgment was entered accordingly. The trial court vacated and set aside the judgment and this Court remanded with direction to reinstate the judgment. *Department of Transp. v. Shugart*, 194 Ga. App. 422 (392 SE2d 576). The judgment was reinstated and the condemnor now appeals. *Held*:

1. In 1982, the condemnor condemned a strip of property owned by the condemnees. The condemnees owned and operated a motel on the property. The condemnation interfered with access to the motel. Accordingly, the condemnees had to design and construct new means of access to the motel.

Charles White, a building contractor, testified concerning the cost of constructing new access to the condemnees' motel. He testified that, in his opinion, the total cost to construct new access to the motel was $233,000 (based on 1982 values). A good portion of the cost was to go toward the redesign and reconstruction of the motel lobby. On cross-examination, the witness stated that he did not consider depreciation of the motel in rendering his opinion. He simply evaluated the cost of constructing new access to the property based on 1982 prices. The condemnor moved to strike the "replacement cost" testimony of White because his opinion did not take into account depreciation of the motel. The trial court denied the motion to strike.

In its first enumeration of error, the condemnor contends the trial court erred in refusing to strike the testimony of Charles White. Relying upon *Metropolitan Atlanta Rapid Transit Auth. v. Dendy,*

250 Ga. 538, 542 (299 SE2d 876), the condemnor argues that a depreciation factor should have been applied by White to put a value on the condition of the condemnees' property before the taking. See also *Department of Transp. v. Dent*, 142 Ga. App. 94 (2) (235 SE2d 610); *State Hwy. Dept. v. Murray*, 102 Ga. App. 210 (1) (115 SE2d 711). We disagree.

White did not offer a "replacement cost" opinion concerning the market value of the property taken. Rather, White offered an opinion concerning the cost of restoring convenient access as a factor to be considered in determining consequential damages to the remaining property. "It was not the *value* of the [motel] as damaged that was testified to and sought to be considered, but rather the cost of rectifying its condition, as an element in the determination of the aftertaking value of the remaining land." *D'Youville Recreational Assn. v. DeKalb County*, 181 Ga. App. 347, 350 (352 SE2d 181).

The testimony given by White proved a factor which the condemnees could reasonably bring to the attention of a prospective purchaser — the "cost to cure" access. *D'Youville Recreational Assn. v. DeKalb County*, 181 Ga. App. 347, 350, supra; *Macon-Bibb County Water &c. Auth. v. Reynolds*, 165 Ga. App. 348, 350, 351 (299 SE2d 594). The trial court did not err in refusing to strike the testimony of White.

2. In its second enumeration of error, the condemnor contends it should have been permitted to introduce evidence reflecting occupancy rates at the motel before and after the taking. This contention is without merit.

In a proffer, a witness for the condemnor read the motel occupancy rates (from 1978 through 1984) off of two exhibits. It is clear that the witness had no firsthand knowledge about the occupancy rates. He simply reviewed the rates by examining the exhibits the night before he testified. The exhibits themselves were not introduced in evidence.

The witness' proffered testimony was hearsay, plain and simple. *Foster v. National Ideal Co.*, 119 Ga. App. 773, 774 (3) (168 SE2d 872). The trial court did not err in excluding it.

*Judgment affirmed. Sognier, C. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MARCH 7, 1991.

*Weiner, Dwyer, Yancey & Mackin, Beryl H. Weiner, Thomas C. Dempsey, John D. Stone, Michael J. Bowers, Attorney General*, for appellant.

*Peek & Whaley, J. Corbett Peek, Jr., James G. Peek*, for appel-

lees.