## A01A1801. SPAN v. PHAR-MOR, INC. et al.
### (554 SE2d 309)

ELDRIDGE, Judge.

This appeal arises out of the state court's grant of summary judgment to appellee-defendants Phar-Mor, Inc. and John Does One through Five ("Phar-Mor")[1] upon a personal injury action filed by Coca-Cola bulk merchandiser[2] appellant-plaintiff Rufus Span. Therein Span averred that he suffered neck, shoulder, and back injuries upon manually moving by pallet jack two pallets of Coca-Cola in Phar-Mor's stockroom. Span contends that summary judgment for Phar-Mor was error: (1) as granted contrary to the Supreme Court's decision in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997), on motion for summary judgment relieving nonmovant plaintiffs of the burden of producing evidence disproving their negligence until defendant's negligence has been established or assumed, id. at 748 (2) (b); and (2) as granted upon assumption of the risk and causation theories. Finding no evidence of Phar-Mor's negligence in the record, we affirm.

> On appeal from a trial court's grant of summary judgment, this Court conducts a de novo review of the evidence. In order "to prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." (Emphasis supplied.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Gentile v. Bower*, 222 Ga. App. 736 (477 SE2d 130) (1996). "The 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, [supra].

(Emphasis omitted.) *Scarbrough v. Dover Elevator Co.*, 232 Ga. App. 149, 150 (500 SE2d 616) (1998).

Viewed in this light, the evidence shows that Span stacked two pallets of Coca-Cola onto a hand-operated, three-wheel pallet jack

---

[1] On August 21, 2000, plaintiff dismissed with prejudice his cause of action against defendant Kimco Savannah 185, Inc. d/b/a Savannah Center Shopping Centre.

[2] As a bulk merchandiser, Span serviced three retail stores, inclusive of Phar-Mor. His work required him to take bulk orders for Coca-Cola from the stores he was assigned, to arrange for its delivery, and then to move it into position for shelving as directed.

after Phar-Mor's store manager told him to move as much of its Coca-Cola storeroom stock as he could into a staging area for later shelving — this in preparation for an upcoming Coca-Cola sale. The loaded hand jack stood approximately 15 feet high and weighed between 5,000 and 6,000 pounds. Thus loaded, Span pushed the pallet jack three to four feet on the concrete floor of the storeroom before one of its wheels appeared to get stuck on something. After pushing the pallet jack for two to three minutes and feeling his neck pop, Span freed his load and moved it to the staging area, an additional four feet away.

By his complaint, Span averred that the pallet jack he used had suddenly and unexpectedly sunk into the concrete floor causing his injuries. However, in deposition testimony supporting Phar-Mor's motion for summary judgment, Span deposed that on looking to see what the wheel of the pallet jack he used had gotten caught on,[3] he saw an "old drain plate" which "wasn't flat like the other part of the floor was," covering what he believed to be a drain hole. Phar-Mor further supported its motion for summary judgment by affidavits and photographs which indicated that only one floor plate of any kind had been installed in the concrete floor of its storeroom, a seven-inch by seven-inch brass plate at or slightly[4] above floor level, the surface of which had been grooved in an apparent effort to prevent slipping; that neither the drain plate nor the surface area around it had been removed, modified, replaced, or otherwise affected for at least eight years prior to Span's injury; and that apart from the incident in issue, Phar-Mor had no notice of any other problem regarding the drain plate.

Contradicting his deposition testimony, Span responded to Phar-Mor's motion for summary judgment by his own affidavit stating that his pallet jack had gotten stuck in an "unguarded and uncovered hole" neither referenced nor depicted by Phar-Mor's evidence on motion for summary judgment. In further response to Phar-Mor's motion for summary judgment, Span provided the affidavit of Claudette DeLong, his office manager, attaching a document denominated, "Supervisor's Report of On-the-Job Accident/Injury," and purportedly completed "as a regular and routine business record."

1. Contrary to his deposition testimony, Span stated by his affidavit in opposition to summary judgment that a wheel of his pallet jack had gotten stuck in another hole unrelated to the covered hole evidenced by Phar-Mor on motion for summary judgment. Span

---

[3] Upon being asked whether he felt the pallet jack drop into a hole or get caught on something, Span responded, "I didn't know what it was caught on."

[4] The highest point of the floor plate above floor level was described as not more than one-eighth of an inch.

offers no explanation for his contradictory testimony. "To be reasonable, the explanation must show that 'an honest mistake has been made in the first statement.' [Cit.]" *Merritt v. State Farm Fire &c. Co.*, 218 Ga. App. 652, 654 (463 SE2d 42) (1995). In *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), the Supreme Court held that where the favorable portion of a party's self-contradictory testimony is the only evidence of such party's right of recovery, the opposing party is entitled to summary judgment in the absence of a reasonable explanation. Id. at 30.

Neither is Span's Supervisor's Report of On-the-Job Accident/Injury admissible on motion for summary judgment as a record made in the regular course of business. OCGA § 24-3-14 (b) provides:

> [a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of . . . such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter.

To facilitate the introduction of business records in evidence, we have held that on motion for summary judgment an affidavit satisfying the requirements of OCGA § 24-3-14 meets the OCGA § 9-11-56 (e) requirement that such an affidavit " 'shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.' [Cit.]" *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556, 558 (254 SE2d 881) (1979).

In her affidavit, DeLong stated that the Supervisor's Report of On-the-Job Accident/Injury concerning Span's injury was prepared in the regular course of business as a routine and customary business practice associated with an employee's injury on the job. While the accident report attached to DeLong's affidavit was dated approximately one week after Span's injury, her affidavit failed to state that the accident report had been completed "at or near the time" of Span's injury. Absent the preliminary proof required to qualify under OCGA § 24-3-14, DeLong's affidavit and the accident report attached thereto were rendered inadmissible hearsay on motion for summary judgment or otherwise. OCGA § 9-11-56 (e); *Thomasson v. Trust Co. Bank*, supra. See also *Matthews v. Wilson*, 119 Ga. App. 708 (168 SE2d 864) (1969) (admissibility of evidence on motion for summary judgment governed by rules relating to form and admissibility of evidence generally as at trial). Even were the contrary true, the acci-

dent report as to Span's injury is conclusory insofar as it indicates that the injury resulted from his efforts to free the pallet jack from a "sink in floor." See *Mica-Top Fixture Co. v. Frank G. Shattuck Co.*, 124 Ga. App. 100, 101 (1) (183 SE2d 15) (1971) (bare legal conclusions in affidavits on motion for summary judgment insufficient to show the lack of material issue of fact or to create the same). Otherwise the accident report is consistent[5] with Span's deposition testimony wherein he described the pallet jack as having gone into a floor plate which was not flush with the floor and wherein he identified Phar-Mor's photograph of the single floor plate in the storeroom which depicted the floor plate as grooved.

Routine issues of premises liability, including in particular a defendant's negligence (the defendant's actual or constructive knowledge of the hazard), are not ordinarily susceptible to summary judgment. *Robinson v. Kroger Co.*, supra at 748. Accordingly, summary judgment should not be granted even under first-prong *Robinson* analysis except in circumstances where the evidence is plain, palpable, and undisputed. *Scarbrough v. Dover Elevator Co.*, supra at 150; see also *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 680 (1) (498 SE2d 748) (1998). Phar-Mor having supported its motion for summary judgment by showing that it lacked actual or constructive knowledge of the floor plate as a real or potential hazard and Span having come forward with no admissible evidence to the contrary, Phar-Mor's status as here not negligent is undisputed. The grant of summary judgment for Phar-Mor was therefore proper.

2. In light of our disposition of Division 1, we need not consider Span's remaining claims of error.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 22, 2001.

*Ashman, Lasky & Cooper, Charles R. Ashman, Brian E. Krapf,* for appellant.
*Lee C. Mundell*, for appellees.

---

[5] The accident report described a wheel of Span's pallet jack as going into a brass plate on the floor and becoming stuck. That the accident report also directed Span to install a piece of Masonite over the floor plate to level the floor is likewise not inconsistent with Span's deposition testimony, as the record shows that the accident report was prepared upon Span's representations to his supervisor rather than a visit to the scene of the accident by the supervisor.