MOORE, Judge.
Joseph T. Hunt appeals from a judgment of the Jefferson Circuit Court (“the trial court”) in favor of Federated Financial Corporation of America (“FFCA”). We affirm the trial court’s judgment.

Procedural History

On June 28, 2009, FFCA, which had allegedly been assigned a credit-card debt owed by Hunt, filed a complaint alleging that Hunt owed $19,796.57 plus accrued interest on that credit-card account and seeking a judgment in that amount against Hunt. Hunt filed an answer to the complaint on August 14, 2009. Following a trial on April 7, 2010, the trial court entered a judgment on April 9, 2010, in favor of FFCA and against Hunt in the amount of $34,113.24, including court costs. Hunt filed a motion to alter, amend, or vacate the trial court’s judgment on May 10, 2010;[1] the trial court denied that motion on June 2, 2010. On July 13, 2010, Hunt filed his notice of appeal to this court.

Facts

Hunt testified that he filled out an application for a MasterCard Executive business credit card from Advanta Bank Business Corporation (“Advanta”) and that he was approved for the card.[2] Hunt stated that he used the credit card, that he received monthly statements on the credit card, and that he made payments toward the amounts owed on the credit card. He testified that there came a time when he was unable to make the monthly payments. He testified that he paid $571 on April 25, 2006, but he was not sure if that was the last payment he was able to make on the account.
Hunt did not dispute the balance of a credit-card statement showing that the amount due thereon was $19,796.57. He testified that he thought that the debt had been forgiven because he was unable to pay it. He testified that he had received a document stating that the debt had been forgiven. Specifically, Hunt stated that he thought he had received a notice in 2006 or 2007 that confirmed that the debt had been written off and that that was his understanding, although he also testified *426 that he did not have that documentation. He testified that he never received anything more regarding the credit card from Advanta or from anyone else after that time. He testified that he was not familiar with FFCA.
Justin Owen, a manager in the collections department for FFCA, testified that he was personally familiar with the books and records of FFCA with respect to the debt owed by Hunt. He testified that FFCA purchased Hunt’s debt from Advan-ta. FFCA presented a copy of a document entitled “Contractual Forward Flow Bill of Sale and Assignment,” which was signed by the vice president and treasurer of Advanta and dated February 14, 2007; that document evidenced a transfer of debts from Advanta to FFCA. Owen stated that FFCA had purchased a portfolio of debts from Advanta on December 15, 2006, and that the “Contractual Forward Flow Bill of Sale and Assignment” evidenced that FFCA now owned those debts. Owen also testified that Hunt’s account had been assigned to FFCA on February 14, 2007, in accordance with the transfer from Ad-vanta. FFCA presented an account-sheet history indicating that the balance of Hunt’s debt was $19,796.57. Owen testified that he had reviewed Hunt’s statements in FFCA’s records and that those statements revealed a balance of $19,796.57. He testified that interest had accrued on that balance and that the total due at the time of the trial was $30,919.20.

Discussion

Hunt asserts on appeal that the trial court erred in finding FFCA’s evidence of assignment sufficient to establish standing to collect on Hunt’s alleged debt. Specifically, Hunt asserts that FFCA’s evidence of assignment was insufficient because, he says, that evidence did not identify the purchase of Hunt’s individual account from Advanta.
“Because the circuit court received evidence ore tenus, our review is governed by the following principles:
“ ““ “[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.” ’ ” Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala.2002)). “ ‘The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.’ ” Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). “Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.” Waltman v. Rowell, 913 So.2d at 1086.’
“Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).”
Bond v. Estate of Pylant, 63 So.3d 638, 643-44 (Ala.Civ.App.2010).
In the present case, the burden was on FFCA to prove that Hunt’s account had been assigned to FFCA. See Auerbach v. Pritchett, 58 Ala. 451 (1877). Hunt cites MBNA America Bank, N.A. v. Nelson, 15 Misc.3d 1148(A), 841 N.Y.S.2d 826 (table) (N.Y.Civ.Ct.2007) (unpublished opinion), for the following proposition:
“It is the ‘assignee’s burden to prove the assignment’ and ‘an assignee must tender proof of assignment of a particular account or, if there were an oral assign *427 ment, evidence of consideration paid and delivery of the assignment.’ [Citibank (South Dakota), N.A. v. Martin, 11 Misc.3d 219, 227, 807 N.Y.S.2d 284 (N.Y.Civ.Ct.2005).] Such assignment must clearly establish that Respondent’s account was included in the assignment. A general assignment of accounts will not satisfy this standard and the full chain of valid assignments must be provided, beginning with the assignor where the debt originated and concluding with the Petitioner.”
In Nelson, Nelson entered into a contract with MBNA America Bank, N.A., for a revolving credit-card debt and used that credit line for purchases and/or cash advances; a dispute later arose regarding Nelson’s obligation to repay the debt generated under the credit-card account, and MBNA attempted to submit the dispute to arbitration. Id. The question whether Nelson’s debt had been assigned was not directly at issue in Nelson; however, we note that the court in Nelson indicated that an affidavit from someone with knowledge of the policies, procedures, and practices of MBNA would have been sufficient to prove that Nelson had received notice of the terms and conditions of the credit account that required the parties to arbitrate any disputes. Id. Applying that reasoning to the present case, the testimony of someone with knowledge of the policies, procedures, and practices of FFCA would be sufficient to prove the chain of assignment of Hunt’s debt.
FFCA presented as evidence the “Contractual Forward Flow Bill of Sale and Assignment,” which evidenced a transfer of debts from Advanta. FFCA also presented as evidence a history of Hunt’s account from FFCA’s notes, which indicated that Hunt’s account was a “new assignment” on February 14, 2007, the same date the “Contractual Forward Flow Bill of Sale and Assignment” was executed. Owen, an employee of FFCA, testified that Hunt’s debt was purchased from Advanta as part of the portfolio of debts that was transferred to FFCA on February 14, 2007. Although the trial court did not make specific findings of fact, this court will presume that the trial court made those findings necessary to support its judgment. See Fuller v. Fuller, 991 So.2d 285, 287 (Ala.Civ.App.2008). Because the trial court entered a judgment in favor of FFCA, we presume that the trial court found that FFCA had been assigned Hunt’s debt from Advanta. Hunt failed to present evidence rebutting Owen’s testimony evidencing that FFCA had been assigned his debt from Advanta.
Hunt cites a number of cases from foreign jurisdictions for the proposition that “documentation specifically relating to Defendant’s account is always needed to prove assignment to an entity now claiming any ownership and right to sue.” See Unifund CCR Assignee of Providian v. Ayhan, 146 Wash.App. 1026 (2008) (unpublished opinion; not reported in P.3d); and In re Kendall, 380 B.R. 37 (Bankr.N.D.Okla.2007). In Ayhan, an agent of the assignee submitted an affidavit stating that the assignee had purchased Ayhan’s debt; because the agent attested to a sale date of the debt that conflicted with the sale date that appeared on the “Bill of Sale” submitted by the assignee, the court in that case determined that the assignee had not proved that the debt had been assigned. 146 Wash.App. 1026.
In In re Kendall, the court determined that the alleged assignee of the debtor’s credit-card debt had failed to establish a chain of title of the debt between the original creditor and the assignee. 380 B.R. at 46-47. In that case, however, unlike the present case, the assignee failed to present a witness who could testify that the debt *428 had been assigned to the assignee and documentation evidencing that assignment. Id.
Hunt cites Nyankojo v. North Star Capital Acquisition, 298 Ga.App. 6, 679 S.E.2d 57 (2009), which, he asserts, closely mirrors the facts of this case. In Nyankojo, the Georgia Court of Appeals determined that an affidavit by the chief executive officer of the assignee of the debt constituted inadmissible hearsay because, it concluded, the chief executive officer lacked personal knowledge of the facts and testified in his affidavit only to the contents of business records without presenting the records themselves. 298 Ga.App. at 10, 679 S.E.2d at 60. In the present case, however, Owen testified that he was personally familiar with the books and records of FFCA with respect to Hunt’s account. Thus, Nyankojo is distinguishable from the present case because Owen, in testifying to the assignment of Hunt’s debt to FFCA, possessed the personal knowledge that the chief executive officer in Nyankojo lacked.[3]
In National Check Bureau, Inc. v. Ruth, (No. 24241, Aug. 19, 2009) (Ohio Ct.App. 2009) (unpublished opinion), also cited by Hunt, the alleged assignee of Ruth’s debt failed to produce Ruth’s original credit-card application and the parties disagreed as to Ruth’s original creditor; thus, the Ohio Court of Appeals determined that the alleged assignee had failed to demonstrate a chain of title of Ruth’s debt. Id. In the present case, FFCA submitted a copy of Hunt’s credit-card application and Hunt testified that he had submitted the same. We conclude, therefore, that the present case is also distinguishable from Ruth.
Because FFCA met its burden of proving that Hunt’s Advanta account had been assigned to FFCA and because Hunt failed to rebut FFCA’s showing, we affirm the trial court’s judgment in favor of FFCA.
Because we have elected to decide this case on the merits of the appeal, we deny FFCA’s “Motion for Relief, Motion to Take Judicial Notice Pursuant to Alabama Rules of Evidence 201, and Motion to Dismiss Appeal.”
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. Rule 59(e), Ala. R. Civ. P., requires that a motion to alter, amend, or vacate be filed within 30 days after the entry of the judgment. In the present case, because the last day of the designated filing period was May 9, 2010, a Sunday, the period for filing ran until the following Monday, May 10, 2010. See Rule 6, Ala. R. Civ. P. Thus, Hunt’s motion was timely.

. Hunt's credit-card application with Advanta was admitted into evidence.

. We note that Hunt objected to the admission of Owen’s testimony regarding the assignment of Hunt’s debt to FFCA and to the admission of the "Contractual Forward Flow Bill of Sale and Assignment” and Hunt's account-history sheet during the trial. Hunt has failed, however, to raise the appropriateness of the admission of that testimony and those documents before this court; thus he has waived that issue on appeal. See Lorren v. Agan, 960 So.2d 685, 689 (Ala.Civ.App.2006).